## FOSSALI v. GARDELLA.

No. 3525.   Decided November 10, 1920.   (193 Pac. 641.)

COSTS—ALLOWANCE OF COSTS FOR BRIEF EXCESSIVE IN SIZE.  On
affirmance of a judgment, where respondent has filed a brief
containing 46 printed pages, when a brief of 20 pages would
have been ample, costs will not be allowed for the brief in
excess of 20 pages.

Appeal from District Court, Third District, Salt Lake
County; *Wilson McCarthy*, Judge.

Action by Ulisse Fossali against Maria Gardella.   Judg-
ment for defendant, and plaintiff appeals.

AFFIRMED.

*Evans & Sullivan*, of Salt Lake City, for appellant.

*T. F. Ashworth*, of Salt Lake City, for respondent.

GIDEON, J.

In this action plaintiff seeks a judgment decreeing him to
be the owner of an undivided one-half interest in certain real
property located in Salt Lake City the title to which is in the
name of defendant.   The allegations of the complaint upon
which relief is sought are all denied.

It appears that plaintiff and the defendant first met in the
state of Wyoming about the year 1902.   At that time de-
fendant was engaged in conducting a rooming house.   Plain-
tiff was engaged in selling trinkets, and subsequent to that
time for a short period operated a bakery in the same town
where defendant resided.   Plaintiff was unmarried.   Defend-
ant was a widow with two children.   About the year 1905
both removed to Salt Lake City, and after that time it seems
they lived together as husband and wife, notwithstanding the

fact that they were never legally married.   There is a sharp conflict in the testimony as to what money, if any, the parties or either of them had at the time of their arrival in Salt Lake City.   The defendant testified that she had at that time several thousand dollars.   Subsequently, and during the same year, the parties went to Bingham, Utah, and there conducted a boarding house for less than a month.   They then returned to Salt Lake City and purchased a saloon.   The saloon was operated in the name of plaintiff.   In connection with the saloon the parties owned a restaurant.   The defendant claims that the money invested in the saloon was her money, and that plaintiff had no interest in or right to the same.   During the time of operating the saloon a contract was entered into for the purchase of the real property in question.   The contract was executed in the name of defendant, and an initial payment was made on the date of the contract.   Later other payments were made, in all amounting to the sum of $4,500. The saloon business failed, and the parties then moved to Portland, Or., where they remained for a period of five or six years.   During the sojourn in Portland defendant ran a rooming house and a restaurant, and it appears that plaintiff assisted somewhat in the work.   Defendant apparently was proprietress and ran the business in her own name.   It is not disputed that plaintiff was absent from Portland at least part of the time during the years that she resided there and conducted the rooming house and restaurant business. The monthly payments were made on the property in question partly out of the rent received from it, and the remainder to make up the required amount each month was sent from Portland.   Some months before the institution of this action trouble arose between the parties.   Plaintiff demanded of defendant that she convey to him a one-half interest in the property and she refused.   This suit followed.

The court found that both plaintiff and defendant were interested in the saloon business, and that the initial payment on the land in controversy was made from money received in that business.   Plaintiff was therefore given a judgment against the property for one-half of that amount,

together with interest from a date fixed. The court found that the remaining payments were made by defendant from money earned by her and from the wages of her two sons by her deceased husband, and that the plaintiff contributed no part of the same, and consequently was not entitled to the relief sought.

The defendant took no appeal from that part of the findings that the initial payment was made from the proceeds of the saloon in which both parties were interested; consequently that question is not before us for review except so far as that part of the judgment might be affected by a reversal.

On the main issue the court found all the facts against plaintiff, appellant here. It is the claim and contention of appellant that the payments made upon the property were from the joint earnings of both plaintiff and defendant, and that by reason of such fact he is the owner of and entitled to an undivided one-half of the property. That the evidence does not support, but the weight thereof is contrary to, the findings in this regard, constitutes the principal error assigned and is the determining question on this appeal. It would subserve no good purpose to attempt to review the testimony in detail. We are satisfied from an examination of the record that the court's findings are all abundantly supported by the testimony. In fact, we do not hesitate to say that any finding to the contrary, under the testimony as found in the record, would not have been supported by, but would have been contrary to, the weight of the testimony.

Having determined that the court's findings on the question of fact are right and abundantly supported, the legal questions discussed became immaterial, or, rather, cease to be. The necessary result, therefore, is an affirmance of the judgment.

Respondent has filed a brief containing 46 printed pages, and has quoted extensively from the testimony found in the abstract. In our judgment a brief of 20 pages would have been ample in which to make a statement of the issues of fact and discuss the legal question involved. For that reason we

are not disposed to allow respondent costs for her brief in excess of 20 pages.

It follows that the judgment of the district court should be, and it accordingly is, affirmed, with costs as indicated.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.